JOSEPH R. LAYTON, plaintiff below, plaintiff in error *v.* THE
    TRUSTEES OF THE POOR OF SUSSEX COUNTY, defendants be-
    low, defendants in error.

No writ of error will lie to a judgment rendered on a report of referees in the
    Superior Court, except on error which appears by the record in the judg-
    ment or proceedings in the court below.

ON a writ of error to the Superior Court in and for Sussex
County, heard before Saulsbury, Chancellor, and Wooten and
Houston, Judges. It was to a judgment of confirmation ren-
dered in the court below on the report of referees in a case re-
ferred to them out of court by consent of parties, in which the
plaintiff had sued the defendants for professional services ren-
dered by him as a physician to certain outside poor persons of
the county affected with the small-pox, and for which the ref-
erees, after hearing it, had awarded him the sum of twenty-five
dollars.

*Robinson* for the defendants in error, said that he had neither
demurred nor pleaded to the writ of error, and would now move
to dismiss it, for the reason that the causes of error assigned did
not disclose any matter of alleged error of which this court could
take cognizance or had any jurisdiction in such a case.

*Layton, Moore* with him for the plaintiff in error. There
was no hearing of the case on the facts and the evidence in the
court below, and therefore there was no bill of exceptions ten-
dered in the case, for, of course, none could have been on the
hearing before the referees, although they clearly erred in con-
sidering that the words of the statute, which provides that the
trustees of the poor *may* in such a case pay the physician a just
compensation for his services, made the amount to be allowed a
matter of discretion on their part purely, whereas the correct and
well-settled import of the word *may* in that connection in the
statute, was *shall,* and should have been so considered and con-
strued by them. Rev. Code, 234, § 11, Salk., 609; Dwar.

on Stat. (9 Law Libr., 53, 54.) But no bill of exceptions was necessary in the case, because the error assigned and relied on fully appeared on the face of the record sent up, and were now before this court.

*The Court* can take cognizance of no error in this case, except such as appear in the judgment or proceedings in the court below, and as by the record of the case now before this court, no error appears in the judgment or proceedings, we must direct the writ of error in this case to be dismissed, and the plaintiff in error to pay the costs.